**Edward Lee OLIVER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17589.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Edward Lee Oliver, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, William Otter testified that on September 2, 1971, he lived at 801 N. E. 42nd Street in Oklahoma City. He testified that at approximately 3:10 p. m. he observed the defendant at the house of a neighbor talking to Mrs. Peacock. He shortly thereafter saw the defendant's car, a 1967 Buick Riviera, in the driveway of the Parsons', another neighbor. He walked over and approached defendant's car whereupon a woman passenger honked

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

the horn. Shortly thereafter, he observed the defendant coming out of the Parsons' house. He asked the defendant how he got in the house and the defendant stated that it was unlocked. Defendant stated that his name was Edward Jones and that he worked for the person that lived in the house. Defendant drove off saying that he would be back about 4:30 p. m. Otter obtained the license number, XB–9022, and upon discovering a broken window and broken doorpane, called the police.

Beverly Parsons testified that she lived at 801 N. E. 42nd Street in Oklahoma City. On the 2nd day of September 1971, she left for work at approximately 6:30 a. m. After receiving a telephone call, she returned about 4:00 p. m. and discovered the broken glass of the window and door. Upon checking the premises, she observed that a tape deck player and speaker wires had been moved from their customary positions.

Officer Golden testified that he and his partner, Officer Brown, investigated the burglary and described how entry was gained through the broken glass.

Officer Brown's testimony did not differ substantially from that of Officer Golden.

Officer Bevel testified that he processed the broken glass for fingerprints and was able to lift a print from the inside portion of the broken doorpane.

Officer Hill, qualified as a fingerprint expert, testified that he compared the fingerprint found at the scene and a known specimen of the defendant's fingerprints and that, in his opinion, the fingerprint found at the scene was that of the defendant.

Officer Smith testified that on September 11, 1971, he observed the defendant behind a residence on N. E. Madison Street in Oklahoma City. The defendant was standing approximately ten feet behind a 1971 white over blue Buick Riviera, Tag Number XB–9022.

The defendant did not testify nor was any evidence offered in his behalf.

We have carefully reviewed the entire record and observe that the evidence amply supports the verdict of the jury, the record is free of any error which would justify modification or require reversal, the punishment is the minimum allowed by law, and for those reasons, the judgment and sentence appealed from is affirmed.